IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, § | CIVIL NO.: 5:96-CV-0091 | |
| Plaintiff, § | | |
| § | | |
| v. § | JUDGE: DAVID FOLSOM | |
| § | | |
| THE AMERICAN TOBACCO § | | |
| COMPANY, ET AL., § | MAGISTRATE JUDGE: | |
| Defendants. § | WENDELL C. RADFORD | |

**MOTION TO INTERVENE TO OBTAIN A DECLARATION OF THE RIGHTS OF THE PARTIES UNDER THE COURT'S JUDGMENT OF JANUARY 22, 1998, TO STAY DISBURSEMENT OF SETTLEMENT FUNDS AND TO AMEND JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Dallas County, Dallas County Hospital District, Harris County, Harris County Hospital District, Nueces County, and Nueces County Hospital District (hereinafter collectively the "Counties and Hospital Districts"), file this Motion to Intervene to Obtain a Declaration of the Rights of the Parties under the Court's Judgment of January 22, 1998, to Stay Disbursement of Settlement Funds and to Amend Judgment and in furtherance thereof respectfully would show the Court as follows:

1.  The Counties and Hospital Districts adopt and incorporate by reference the argument and authorities contained in Montgomery County Hospital District's Motion to Intervene, filed herein, as grounds for their right to intervene to obtain a declaration of the rights of the Counties and Hospital Districts and the other parties under the Comprehensive Settlement Agreement and Release ("Settlement") incorporated into the Court's Judgment of January 22, 1998. Pending the Court's ruling on the rights of the parties under the Settlement and Judgment, the Counties and Hospital Districts reserve the right to bring an action against the Tobacco Defendants.

2.  As noted in Montgomery County Hospital District's Motion to Intervene and separately filed Motion for Relief from Judgment, the Settlement contains language at various places and, most importantly, in the release provisions at ¶ 15, which could be construed to be a release of the Counties' and Hospital Districts' claims as well. Until the Counties and Hospital Districts obtained a copy of the Settlement presented to the Court on January 16, 1998, they had no inkling that their claims were purportedly being represented by the Texas Attorney General, without their knowledge or consent, or being negotiated away as part of the Settlement and Release Agreement. See *Amicus Brief of Dallas County and Dallas County Hospital District Regarding the Joint Motion For Approval of Settlement Agreement*, incorporated herein by reference.

3.  Consistent with the lack of any reference to the Counties' and Hospital Districts' claims in the State's pleadings up to submission of the Settlement and the absence of any portion of the Counties' and Hospital Districts' damages in the State's damage calculations, the Texas Attorney General has informally communicated to the Counties and Hospital Districts and other counties and hospital districts that it was not his intention to represent them or to settle their claims in this action, and that he lacked authority to do so. However, should this Court's Judgment of January 22, 1998 become final without further clarification of this point, the Counties and Hospital Districts may suffer an adverse ruling on any claim asserted by them against the Tobacco Defendants on the basis that they were adequately represented in this action and that their claims have been forever released. The Counties and Hospital Districts therefore claim standing to appear before this Court to obtain a declaration of their rights *vis-a-vis* the Settlement and this Court's Judgment settling Texas' case against the Tobacco Defendants.

4.  Should this Court agree that the Counties' and Hospital Districts' claims are not included in the Settlement, then the Counties and Hospital Districts petition the Court pursuant to

Fed. R. Civ. P. 59 to amend the Settlement and its Judgment to make the limited coverage of the Settlement clear.

5. If, on the other hand, this Court takes the contrary view that the Counties' and Hospital Districts' claims are covered by the Settlement, then the Counties and Hospital Districts are entitled to a declaration of the basis for the authority of the Attorney General to compromise and settle their claims without having pleaded them, consulted with the Counties and Hospital Districts, obtained any information on the specifics of the Counties' and Hospital Districts' claims or otherwise made provision for the Counties and Hospital Districts in the Settlement.

6. Further, if the Court rules that the Counties and Hospital Districts and their claims are included in the designation of the "State" or "State of Texas" in the Settlement, the Counties and Hospital Districts hereby move for relief from the Judgment of January 22, 1998 under Fed. R. Civ. P. 60 or to alter or amend the Judgment under Fed. R. Civ. P. 59. The Texas Attorney General lacks the authority to make specific appropriation of funds recovered on behalf of the Counties and Hospital Districts, or the State of Texas, as "anticipate[d]" in ¶ 5 of the Settlement. Because the language in ¶ 5 is merely anticipatory and contingent on the determination of other purposes, the Court should strike those provisions from the Settlement as incorporated into the Court's Judgment.

7. Finally, settlement funds already are being paid by the Tobacco Defendants and soon will begin to accumulate in escrow or in the Court's registry. The Court should enter a stay of any disbursements from such funds pending its declaration of the rights of the parties under the Settlement and Judgment and under the various pending motions to grant relief from or amend the Court's Judgment and the Settlement.

WHEREFORE, the Counties and Hospital Districts pray the Court to grant them leave to intervene, to declare the Counties' and Hospital Districts' rights under the Settlement and the Court's

Judgment and, contingent thereon, for such other relief as hereinabove pleaded, together with such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

JENKENS & GILCHRIST,
A Professional Corporation
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
214/855-4500       Fax: 214/855-4300

/s/ Robert R. Ries (by permission)

Robert R. Ries
State Bar No. 16914500

ATTORNEYS FOR DALLAS COUNTY AND
DALLAS COUNTY HOSPITAL DISTRICT

and

Michael P. Fleming
State Bar No. 07130600
HARRIS COUNTY ATTORNEY'S OFFICE
1001 Preston, Suite 634
Houston, TX 77002
713/ 755-5101      Fax: 713/ 755-8924

ATTORNEYS FOR HARRIS COUNTY AND
HARRIS COUNTY HOSPITAL DISTRICT

and

Carl E. Lewis
State Bar No. 12275150
NUECES COUNTY ATTORNEY'S OFFICE
901 Leopard Street, Rm. 206
Corpus Christi, TX 78401
512/888-0286      Fax: 512/888-0700

ATTORNEYS FOR NUECES COUNTY AND
NUECES COUNTY HOSPITAL DISTRICT

MOTION TO INTERVENE TO OBTAIN A DECLARATION OF THE RIGHTS OF THE
PARTIES UNDER THE COURT'S JUDGMENT OF JANUARY 22, 1998, TO STAY
DISBURSEMENT OF SETTLEMENT FUNDS AND TO AMEND JUDGMENT - Page 4

LITDAL:173561.1 34856-00001

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 1998, a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the provisions of Fed. R. Civ. P. 5.

_____