RECEIVED - CLERK
U.S. DISTRICT COURT
98 MAR 16 PM 5:01
EASTERN DISTRICT OF TEXAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 16 1998
DAVID J. MALAND, CLERK
DEPUTY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | CIVIL NO.: 5:96-CV-0091 |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE: DAVID FOLSOM |
| | § | |
| THE AMERICAN TOBACCO | § | |
| COMPANY, ET AL., | § | MAGISTRATE JUDGE: |
| Defendants. | § | WENDELL C. RADFORD |

**REPLY TO TOBACCO DEFENDANTS' RESPONSE TO MOTION TO INTERVENE TO OBTAIN A DECLARATION OF RIGHTS BY DALLAS COUNTY, DALLAS COUNTY HOSPITAL DISTRICT, EL PASO COUNTY, EL PASO COUNTY HOSPITAL DISTRICT AND HARRIS COUNTY, HARRIS COUNTY HOSPITAL DISTRICT**

TO THE HONORABLE JUDGE OF SAID COURT:

Dallas County, Dallas County Hospital District, El Paso County, El Paso County Hospital District, Harris County and Harris County Hospital District, Movants, file this reply to the Tobacco Defendants' response to their motion for leave to intervene in this cause to obtain a declaration of their rights and in furtherance thereof respectfully would show the Court as follows:

### Introduction

1. The Tobacco Defendants' response perfectly establishes why the Court must grant the counties' and hospital districts' motions to intervene to obtain a declaration of their rights in relation to the Final Judgment of January 22, 1998, and the settlement between the Attorney General and the Tobacco Defendants incorporated in it.

2. No party contests that this Court can and should decide Movants' status under the settlement. But the Court should not decide procedurally, by denying the motions to intervene. The Tobacco Defendants say the Court should deny the interventions because the settlement fully releases Movants' claims and they were adequately represented. The Attorney General says the Court should deny the interventions because the settlement does not affect Movants' own claims,

REPLY TO TOBACCO DEFENDANTS' RESPONSE TO MOTION TO INTERVENE TO OBTAIN A DECLARATION
OF RIGHTS BY DALLAS COUNTY, DALLAS COUNTY HOSPITAL DISTRICT, EL PASO COUNTY, EL PASO COUNTY
HOSPITAL DISTRICT AND HARRIS COUNTY, HARRIS COUNTY HOSPITAL DISTRICT - Page 1    LITDAL: 178165 1 34865-1

1963

so Movants are not interested. Both imply a substantive ruling on Movants' rights. The Court should grant the interventions and then decide the issue expressly.

3. The Tobacco Defendants' analysis of Movants right to intervene is correct except as to their conclusion that Movants' claims have been settled because Movants were adequately represented. That argument rests on a number of erroneous propositions, all of which the Court must accept before it can hold that Movants' independent claims were inadvertently settled by the Attorney General in this case. If the Court rejects these errors, it must agree with Movants that their claims are outside the Attorney General's settlement. The errors include errors of law, errors of fact and errors of irrelevancy.

### The Tobacco Defendants' Errors of Law

4. The Tobacco Defendants rely on the following incorrect assertions of law:

   (a) The Attorney General has the authority to represent and settle the claims of counties and hospital districts without their knowledge or consent.

   (b) Overbroad language in the settlement agreement by itself can create an attorney/client relationship between the Attorney General and the local governments.

   (c) If the Attorney General asserts the state's quasi-sovereign authority to recover for its claims, he extinguishes all other independent claims within the territorial limits of the state.

5. The Tobacco Defendants' present assertion of the broad authority of the Attorney General to represent Movants against their will is in stark contrast to their prior extensive briefing of the statutory and constitutional limits of the Attorney General's power. See, e.g., "C. The Attorney General does not have the limitless powers he claims." at pp. 8-23 of Plaintiffs' Opposition to Defendants' Plea to the Jurisdiction and Motion to Dismiss in *Phillip Morris, Inc. et al. v. Dan*

*Morales, et al.*, cause no. 95-14807 in the 126th District Court of Travis County, Texas (courtesy copy provided).

6.   Perhaps the Tobacco Defendants' current posture is simply conviction born of expediency, since they must establish surprise and mistake or fraud to repudiate their settlement, if Movants' independent rights are vindicated. The Tobacco Defendants fail to cite any provision of the Texas constitution or Texas statute which bestows authority on the Attorney General to represent counties and hospital districts. Movants already have cited the contrary authority in their prior briefs.

7.   The Attorney General and Movants argue that if the Attorney General does not represent the local governments, his settlement cannot release Movants' claims against the Tobacco Defendants. Any language to the contrary in the settlement agreement, no matter how many times it is stated, is ineffective. The Tobacco Defendants fail to cite any authority for their novel proposition that just because a settlement agreement purports to release a nonparty's claims, it becomes so. They simply extensively quote the overbroad language from the settlement, as though repetition will bestow legitimacy. See Tobacco Defendants' response at pp. 7-11. Movants already have briefed the contrary authority.

8.   Finally, the Tobacco Defendants err in asserting that the settlement of the state's claims necessarily extinguishes the local governments' own claims. The important distinction is that the counties and hospital districts have claims which are independent from those of the state. The Tobacco Defendants try to blur this distinction by referring to common causes of action, or a common desire for the greatest possible financial recovery, or recoveries that would commonly benefit the citizens of Texas who are also citizens of counties. But if the legal injuries are different, settling one does not settle the others.

9.   By analogy, suppose an airliner crashes into a factory, wrecking it and injuring many of the workers. Under the Tobacco Defendants' reasoning, if the enterprise sues for negligence and

settles with the airline for the damage to the facility, then the workers' claims for injury also are included, since the workers will directly benefit if the factory is rebuilt to provide jobs. After all, the workers' suits would be under the same negligence theory and they also would sue for the maximum possible monetary recovery. But this is false reasoning because the workers' claims are not subsumed within the enterprise's. Without legal authority to represent the workers for their distinct injuries, the enterprise cannot settle their claims, no matter how many times the settlement agreement says so.

10. Movants are not being absurd when they point out that the state of Texas' judgment on its claims is not binding on their claims. Just because both the state and Movants have citizens for their constituencies does not make their claims identical. That is the reason the little authority offered by the Tobacco Defendants is easily distinguished. In each of those cases the legal injury, and hence the relief requested, was exactly the same for each of the different political subdivisions and the citizens. Their general proposition that a judgment against a state is effective against the individual citizens of the state on the same claim does not apply if the claims are different.

11. The Tobacco Defendants misplace their heavy reliance on *County of Boyd v. U. S. Ecology, Inc.*, 858 F. Supp. 960 (D. Neb. 1994), *aff'd,* 48 F.3d 359 (8th Cir. 1995), *cert. denied,* 516 U.S. 814. In that case the court found that the essence of the claims asserted by the public entities was the same as that of the claims previously asserted by the Governor of Nebraska. *Id.,* 858 F. Supp. at 965. The court also found that the circumstances suggested "a coordinated litigation strategy" between the governor and the public entities, which clearly is not present in this case. *Id.,* 858 F. Supp. at 970. Finally, *County of Boyd* does not conflict with Movants' requested relief because it is a privity case, determining when the same claim is barred by prior adjudication. It provides no authority to hold that Movants' independent claims must be subsumed within the state's settlement.

12. Again using analogy to highlight the Tobacco Defendants' faulty logic, if the state contracted with defendants for services and the counties also contracted with them for services, the state's settlement of a breach of contract claim would not bar the counties from suing on their contracts, even though both would result in recoveries for the people of Texas. The state's settlement for its contract claims would be binding on individual citizens, just as the counties' settlement of their contract claims would bind individual citizens. But neither settlement would affect the other because the legal injuries would be different, just as Movants' claims against the Tobacco Defendants for their unreimbursed cost of treating tobacco related illness are different from the state's claim for Medicaid funds.

### The Tobacco Defendants' Errors of Fact

13. The Tobacco Defendants rely on three errors of fact in order to make their argument:

   (a) They say the state and the Movants assert the very same claims.

   (b) They say Movants' objectives are the same as the state's.

   (c) They say Movants cannot show they are victims of adversity or nonfeasance in their alleged representation by the Attorney General.

14. The Attorney General has made it repeatedly crystal clear that the state sued only for its damages for Medicaid reimbursement, for its employee health benefit costs and for charity care for tobacco related illness at five specific state supported hospitals. Movants assert claims that are completely different from the state's claims, including their unreimbursed health care costs attributable to tobacco use, among others. Movants also have employee benefit costs attributable to tobacco illness which are distinct from the state's. Some of the Movants also have the cost of providing health care to incarcerated persons with tobacco related illness. None of these are the same claims as those asserted by the state in this case.

15. Movant's objectives are not the same as the state's. Attorney General Morales has sued to obtain funds for the state's damages, to be paid into the state treasury. Movants' claims are for particular local unreimbursed expenses, to be recovered at the local level. They are not generalized benefits for the state or all the citizens of Texas.

16. Movants are the victims of adversity or nonfeasance by their alleged representative, the Attorney General. The Attorney General has repeatedly opposed a presentation of Movants' claims in this case. The Attorney General never sought to assert Movants' claims. The Attorney General never obtained information about Movants' damages. The Attorney General made no provision in his settlement for compensation to Movants for the asserted release of Movants' claims. The Attorney General was adverse to Movants' interests at every step of the way, when they appeared before this Court. His "representation" of Movants' claims can only charitably be called nonfeasance at best.

## The Tobacco Defendants' Errors of Irrelevancy

17. Irrelevant arguments based on asserted pragmatism are no basis for the Court to decide the motions to intervene. The Tobacco Defendants imply that the Court may as well deny Movants leave to intervene, because even if Movants are not covered by the settlement, they cannot succeed in asserting their own claims. See, e.g., footnote 12 of the Tobacco Defendants' response. The whole discussion is premature. Whether Movants can prevail in their own suit, on their legal theories or evidence, is the subject for that suit, not for this Court to predetermine in ruling on the interventions.

18. Counties and hospital districts have the authority to sue and be sued, whether through quasi-sovereign authority or to vindicate their own proprietary interests as might be congruent with the interests of their inhabitants. *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31,* 481, F.2d 122, 131 (9th Cir. 1973), *cert. denied.* 414 U.S. 1045.

19. The Court need not decide the full range of causes of action available to Movants or the extent of their damages for it to resolve the controversy over the scope of the release in the settlement. Movants can explore the limits of their claims in another forum, if the Court declares that their claims are not released.

## Conclusion

20. This Court must ensure that the effect of the Attorney General's settlement on the rights of third parties, such as Movants, is neither unreasonable nor proscribed. *See United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc); *Terrazas v. Ramirez*, 829 S.W.2d 712, 719 (Tex. 1991). Movants seek simple and straightforward relief that this Court can and should bestow. The Court should grant intervention and declare that the settlement of the State of Texas' claims against the Tobacco Defendants incorporated in the Final Judgment does not release any claims Movants may have against the Tobacco Defendants.

Respectfully submitted,

JENKENS & GILCHRIST,
A Professional Corporation
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
214/855-4500      Fax: 214/855-4300

_____
Robert R. Ries (by MCR by permission)
State Bar No. 16914500

ATTORNEYS FOR DALLAS COUNTY AND DALLAS COUNTY HOSPITAL DISTRICT, EL PASO COUNTY AND EL PASO COUNTY HOSPITAL DISTRICT AND HARRIS COUNTY AND HARRIS COUNTY HOSPITAL DISTRICT

Jose R. Rodriguez, El Paso County Attorney
State Bar no. 17146500
El Paso County Courthouse
500 E. San Antonio Ave., Rm. 203
El Paso, Texas 79901-2496
(915) 546-2050         (915) 546-2133 fax

OF COUNSEL FOR EL PASO COUNTY AND EL PASO COUNTY HOSPITAL DISTRICT

Michael P. Fleming, Harris County Attorney
State Bar no. 07130600
Harris County Courthouse
1001 Preston, Suite 634
Houston, Texas 77002
(713) 755-5101         (713) 755-7965 fax

OF COUNSEL FOR HARRIS COUNTY AND HARRIS COUNTY HOSPITAL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 1998, a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the provisions of Fed. R. Civ. P. 5 and the Case Management Order.

/s/ Bob Ries (by MCB by permission)
Robert R. Ries