IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED-CLERK
U.S. DISTRICT COURT
98 JUL 24 PM 6:22
TEXAS-EASTERN

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>Plaintiff, | §<br>§<br>§ | CIVIL NO.: 5:96-CV-0091<br>BY _____ *M Nelson* |
| VS. | §<br>§ | JUDGE: DAVID FOLSOM |
| THE AMERICAN TOBACCO<br>COMPANY, ET AL,<br>Defendants. | §<br>§<br>§ | MAGISTRATE JUDGE:<br>WENDELL C. RADFORD |

## JOINT MOTION FOR APPROVAL OF AGREEMENT REGARDING DISPOSITION OF SETTLEMENT PROCEEDS AND TO WITHDRAW WITH PREJUDICE POLITICAL SUBDIVISIONS' MOTIONS TO INTERVENE

The State of Texas and certain political subdivisions[1] ("Political Subdivisions") file this Joint Motion for Approval of Agreement Regarding Disposition of Settlement Proceeds and to Withdraw with Prejudice Political Subdivisions' Motions to Intervene and would respectfully show this Court as follows:

1. The Movants have executed an Agreement Regarding Disposition of Settlement Proceeds ("Disposition Agreement"). A copy of the Disposition Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

2. The State of Texas and the Political Subdivisions respectfully request that this Court approve the Disposition Agreement in all respects.

3. The State of Texas and the Political Subdivisions also respectfully request that the Court enter an Order with respect to the persons and entities included within the January 16, 1998, Comprehensive Settlement Agreement and Release incorporated into this Court's January 22, 1998, Final Judgment and declaring that all claims of such persons and entities were compromised and



---

[1] Dallas County, Dallas County Hospital District, El Paso County, El Paso County Hospital District, Harris County, Harris County Hospital District, Montgomery County Hospital District, Nueces County, Nueces County Hospital District, and Tarrant County Hospital District.

released by the January 16, 1998, Comprehensive Settlement Agreement and Release.

    4.    Finally, the State and the Political Subdivisions respectfully request that this Court allow the Political Subdivisions to withdraw all of their motions to intervene and all other motions for relief with prejudice to refiling.

    DATED: July 24, 1998

                                Respectfully submitted:


**DAN MORALES**
ATTORNEY GENERAL OF TEXAS
Texas Bar No.: 14417450


**JORGE VEGA**
First Assistant Attorney General
Texas Bar No.: 20533800


**HARRY G. POTTER III**
Special Assistant Attorney General
Texas Bar No.: 16175300
P.O. Box 12548
Austin, Texas 78711-2548
512.463.2191
512.463.2063 Fax


**WALTER UMPHREY, P.C.**
490 Park
P. O. Box 4905
Beaumont, Texas 77074
409.835.6000
409.838.8888 Fax
Texas Bar No.: 20380000

**GRANT KAISER**
Kaiser & Morrison, P.C.
440 LOUISIANA, SUITE 1440
HOUSTON, TEXAS
713.223.0000
713.223.0440
Texas Bar. No.: 11078900


GRANT KAISER
Plaintiff's Liaison Counsel


Nueces County and Nueces
County Hospital District:


By: Carl E. Lewis


Montgomery County Hospital District and
Tarrant County Hospital District:


By: J. Greg Hudson
     Steve Bickerstaff

Dallas County and Dallas
County Hospital District:


By: Robert R. Ries


Harris County and Harris
County Hospital District:


By: Richard Warren Mithoff

**GRANT KAISER**
Kaiser & Morrison, P.C.
440 LOUISIANA, SUITE 1440
HOUSTON, TEXAS
713.223.0000
713.223.0440
Texas Bar. No.: 11078900

_____

GRANT KAISER
Plaintiff's Liaison Counsel

Nueces County and Nueces
 County Hospital District:

By: Carl E. Lewis

Montgomery County Hospital District and
Tarrant County Hospital District:

_____

By: J. Greg Hudson
    Steve Bickerstaff

Dallas County and Dallas
County Hospital District:

_____

By: Robert R. Ries

Harris County and Harris
County Hospital District:

_____

By: Richard Warren Mithoff

El Paso County and El Paso
County Hospital District:

By: Robert R. Ries

Amicus Counties:

By: Jim Allison

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
J. Greg Hudson

By: _____
Steve Bickerstaff


MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
J. Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
Robert Ries


EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
Robert Ries


AMICUS COUNTIES

By: _____
James Allison


Date: 7/24/98

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _Carl Lewis_
Carl Lewis
by: Tyra Hill
w/ permission

TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
J. Greg Hudson

By: _____
Steve Bickerstaff

MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
J. Greg Hudson

HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
Richard Mithoff

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
Robert Ries

EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
Robert Ries

AMICUS COUNTIES

By: _____
James Allison

Date: _____

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
        Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT


By: _____
        J. Greg Hudson

By: _____
        Steve Bickerstaff


MONTGOMERY COUNTY
HOSPITAL DISTRICT


By: _____
        J. Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT


By: _____
        Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT


By: _Robert R Ries_____
        Robert Ries


EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT


By: _Robert R Ries_____
        Robert Ries


AMICUS COUNTIES


By: _____
        James Allison


Date: _____

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
        Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
        J. Greg Hudson

By: _____
        Steve Bickerstaff

MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
        J. Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
        Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
        Robert Ries


EL PASO and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
        Robert Ries


AMICUS COUNTIES


By: _____
        James Allison


Date: _____

El Paso County and El Paso
County Hospital District:


By: Robert R. Ries


Amicus Counties:


By: Jim Allison

## CERTIFICATE OF SERVICE

I hereby certify compliance with Fed. R. Civ. P. 5 and Case Management Order of November 5, 1996, that a true a correct copy of the foregoing document and diskette has been sent by facsimile and by overnight delivery service on July 24, 1998, to the following:

**ADMINISTRATIVE LIAISON COUNSEL FOR ALL DEFENDANTS:**

Howard Waldrop
Atchley, Russell, Waldrop & Hlavinka, L.L.P.
1710 Moores Lane
P. O. Box 5517
Texarkana, TX 75505-5517
903.792.8246
903.792.5801 Fax

**ATTORNEY FOR GOVERNOR BUSH:**
Stuart N. Bowen Jr.
Margaret A. Wilson
Office of the Governor
1100 San Jacinto, Suite 412
Austin, Texas 78711
512.463.1788
512.463.1932 Fax

**ATTORNEYS FOR SENATOR TROY FRASER, SENATOR KENNETH ARMBRISTER, SENATOR JANE NELSON, REPRESENTATIVE TOM CRADDICK, REPRESENTATIVE DIANNE WHITE DELISI, REPRESENTATIVE KYLE JANEK AND REPRESENTATIVE DAN KUBIAK:**
P.M. Schenkkan
John J. McKetta, III
Graves, Dougherty, Hearon & Moody
515 Congress Avenue, Suite 2300
Post Office 98
Austin, Texas 78767
512.480.5600
512.480.1976 Fax

GRANT KAISER
Plaintiff's Liaison Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
TEXARKANA DIVISION

THE STATE OF TEXAS,
      Plaintiff,

vs.
                                     No. 5-96CV-91

THE AMERICAN TOBACCO
COMPANY, et. al.
      Defendants

## AGREEMENT REGARDING DISPOSITION OF SETTLEMENT PROCEEDS

THIS AGREEMENT ("Agreement") is made as of the date hereof, by and among the parties hereto, as indicated by their signatures below, to settle and resolve certain outstanding issues and controversies relating to the settlement of the above-entitled and numbered cause of action and the distribution of the settlement proceeds among the various parties entitled thereto, including the State of Texas and certain political subdivisions of the State of Texas.

WHEREAS, the State of Texas, through its Attorney General, Dan Morales, commenced this action on March 28, 1996 asserting various claims for monetary and injunctive relief on behalf of the State of Texas against certain tobacco manufacturers and others as Defendants; and

WHEREAS, certain Texas Counties and Hospital Districts ("Intervenor Applicants") have previously sought to intervene in the litigation, or have appeared before the Court in an amicus capacity, so as to preserve their claims, or alternatively, their rights to a fair and reasonable allocation of the settlement proceeds in recognition of their claims against the Settling Defendants for their unreimbursed expenditures incurred as a result of their treatment of persons with tobacco related illness; and

WHEREAS, through the efforts of the State of Texas, Attorney General, Private Counsel and others, an agreement in principle has been reached to settle all claims and causes of action by and between the State of Texas and the Tobacco Defendants (the "Settling Defendants") pursuant to financial terms which will achieve for Texas and its political subdivisions significant financial benefits; and

WHEREAS, the State of Texas, acting by and through its Attorney General with the approval of the State Legislative Leadership has agreed to a direct allocation of a portion of the settlement proceeds to Intervenor Applicants and other political subdivisions of the State which provide health care services to the general public, subject to the terms and conditions set forth in this Agreement; and

July 18, 1998 (6:27PM)           1

EXHIBIT

1

WHEREAS, it is intended by the parties to this Agreement that the terms and conditions set forth herein shall be presented to the Court for consideration as a proposed Judgment .

NOW, THEREFORE, BE IT KNOWN THAT, in consideration of the payments to be allocated to Intervenor Applicants from the Tobacco Settlement, the withdrawal of Intervenor Applicants' objections, and such other consideration described herein, the sufficiency of which is hereby acknowledged, the parties hereto, acting by and through their authorized agents, memorialize and agree as follows:

1. <u>Jurisdiction</u>. The State of Texas and Intervenor Applicants acknowledge that this Court has jurisdiction over the subject matter of the claims giving rise to this Agreement, and over each of the parties hereto, and that this Court shall retain jurisdiction for the purposes of implementing and enforcing this Agreement. The parties hereto agree to present any disputes under this Agreement, including without limitation any claims for breach or enforcement of this Agreement, exclusively to this Court.

2. <u>Intended Beneficiaries</u>. The intended beneficiaries of this Agreement shall be Political Subdivisions as defined herein.

3. <u>Definitions</u>.

a. "CSA" means the January 16, 1998, Comprehensive Settlement Agreement and Release, together with all exhibits thereto, filed in the Tobacco Litigation.

b. "Court" means the United States District Court for the Eastern District of Texas, Texarkana Division.

c. "Final Approval" means Final Approval as defined in paragraph 4(h) of the CSA.

d. "Parties" means the signatories to this Agreement.

e. "Political Subdivisions" means all hospital districts, other local political subdivisions owning and maintaining public hospitals, and counties of the State of Texas responsible for providing indigent health care to the general public.

f. "Prospective Intervenors" means certain counties and hospital districts that have previously sought to intervene in the Tobacco Litigation, or have appeared before the Court in an amicus capacity.

g. "Settling Defendants" means the Settling Defendants as defined in paragraph 4(b) of the CSA.

h. "State" means the State of Texas.

i. "State Legislative Leadership" means the Chairman of the Senate Finance Committee and the Chairman of the House Committee on Appropriations.

j. "Tobacco Litigation" means the suit styled *The State of Texas v. American Tobacco Co., et al.*, No. 5-96CV-91, in the United States District Court, Eastern District of Texas, filed by the State against the Tobacco Companies on March 28, 1996.

k. "Tobacco Settlement" means the the January 16, 1998, Comprehensive Settlement Agreement and Release, together with all exhibits thereto, and any and all subsequent amendments thereto, including the February 3, 1998 Memorandum of Understanding filed in the Tobacco Litigation.

4. Payments. The parties agree to distribute from the Tobacco Settlement for the exclusive benefit of Political Subdivisions a sum of money equal to One Hundred Percent (100%) of the increased payments made to the State of Texas by the Settling Defendants as a result of the State of Minnesota Settlement and the Most Favored Nation clause contained in paragraph 16 of the January 16, 1998 settlement agreement between the State of Texas and the Settling Defendants.

The payments shall be allocated to two fund pools. One fund shall be subject to distribution from the Court's registry to a Lump Sum Trust Account from which payments shall be made directly to the Political Subdivisions. The Lump Sum Trust Account shall be composed of the following payments made on the dates and in the amounts set forth below:

## LUMP SUM TRUST ACCOUNT PAYMENT SCHEDULE

| DATE: | AMOUNT: |
|---|---|
| January 4, 1999 | $300 million |
| January 3, 2000 | $100 million |
| January 2, 2001 | $ 50 million |
| Total | $ 450 million |

The Lump Sum Trust Account shall be placed in a trust account with the Comptroller of Public Accounts to be distributed in accordance with the Court Order.

The second fund pool ("Permanent Trust Account") shall fund the Permanent Trust Account for the exclusive and long term benefit of the Political Subdivisions. The Permanent Trust Account shall be composed of the following payments (as defined in "Payments" in Paragraph 4) made on the dates and in the estimated amounts set forth below, which may be adjusted by inflation or volume adjustments as set forth in the Tobacco Settlement:

## PERMANENT TRUST ACCOUNT PAYMENT SCHEDULE

July 18, 1998 (6:27PM)                    3

| DATE: | AMOUNT: |
|---|---|
| January 3, 2000 | $501.5 million |
| January 2, 2001 | $551.5 million |
| January 2, 2002 | $ 551.5 million |
| January 2, 2003 | $ 201.4 million |
| Total | $1,805.9 million |

All funds comprising the Permanent Trust Account shall initially be paid into the Court's registry and promptly be paid thereafter from the Court's registry into a permanent trust account placed with and under the management of the Comptroller of Public Accounts for the exclusive benefit of the Political Subdivisions. In no event shall the Permanent Trust Account be placed into the State Treasury, nor shall such Permanent Trust Account funds or any earnings generated therefrom be subject to legislative appropriation.

All payments contemplated in this Section 4 (Lump Sum Trust Account and Permanent Trust Account) shall be made to the Political Subdivisions in recognition of their unreimbursed health care expenses for providing health care services to the general public.

5. Distributions.

      A.    Initial lump sum distribution. The lump sum payment made on January 4, 1999, in the amount of Three Hundred Million Dollars ($300,000,000) shall be distributed as soon as practical from the Lump Sum Trust Account to the Political Subdivisions on a per capita basis based upon the 1990 federal census. Adjustments to such distributions shall be made in counties where two or more Political Subdivisions are separately obligated by law to provide indigent health care services to apportion each Political Subdivision's share of the lump sum payment in a manner based upon the number of persons within its territorial boundaries for which it is statutorily obligated to provide indigent health care services. In no instance shall any Political Subdivision be entitled to a lump sum payment based upon any person(s) for which another Political Subdivision is statutorily responsible for the provision of indigent health care services. **The January 4, 1999, lump sum payment shall be the only payment distributed on a per capita basis.**

      B.    Pro rata lump sum distributions. The lump sum payments for the year 2000 and year 2001 shall be distributed from the Lump Sum Trust Account to the Political Subdivisions on a pro rata basis based upon each Political Subdivision's total unreimbursed health care expenditures for providing health care services to the general public for the calendar year immediately preceding the year of such lump sum distribution (referred to hereafter as "Unreimbursed Expenditures"). Unreimbursed Expenditures shall be defined as those actual expenditures made by a Political Subdivision which are directly attributable to the provision of health care services to the general public, either directly or by

contract or agreement with a third party provider, and for which no reimbursement is made by or expected from any third party source or fund. (Lump Sum Trust Account or Permanent Trust Account payments shall not constitute reimbursement.).  Unreimbursed Expenditures shall be calculated as follows:

(1) The total annual unreimbursed health care expenditures for a hospital district are defined as the total amount of taxes collected by the hospital district, together with the unreimbursed amounts expended by a county coterminous with such hospital district for jail health care; or

(2) The total annual unreimbursed health care expenditures for a county not wholly located within a hospital district are defined as all unreimbursed amounts, including unreimbursed jail health care, expended by such county for health care services to the general public during that year plus 15% of that total; or

(3) The total annual unreimbursed health care expenditures for a non-hospital district public hospital owned by a political subdivision are defined as the total unreimbursed amount of political subdivision funds paid to such public hospital by any political subdivision during that year.

(4) To the extent not already included, a political subdivision shall be eligible to include expenditures from the political subdivision reserve funds and other expenditures, to the extent they are verifiable, which are attributable to proceeds from the sale or lease of public health care facilities.  To the extent that proceeds from the sale or lease of public health care facilities are represented by contractually obligated health care services for indigent residents of the political subdivision performed by the purchaser or lessee, such services shall be valued as if they had been reimbursed at Medicaid rates.

C.      Permanent Trust Account Distributions. The Comptroller of the State of Texas shall make annual distributions of the earnings from the Permanent Trust Account  to each Political Subdivision on a pro rata basis based upon each Political Subdivision's Unreimbursed Expenditures for the immediately preceding calendar year.  The Department of Health shall certify to the Comptroller the percentage of each annual distribution to be paid to each Political Subdivision based on the formula in paragraph 5.B. above.

6. Management of Permanent Trust Account. The Comptroller shall manage and invest the funds comprising the Permanent Trust Account for the exclusive benefit of the Political Subdivisions. In addition, the Comptroller shall act as paying agent for purposes of making distributions of the earnings from the Permanent Trust Account. No Political Subdivision shall be entitled to receive any portion, distribution or specific allocation of the funds comprising the corpus of the Permanent Trust Account; rather, such funds shall be invested exclusively for the benefit of the Political Subdivisions. The rights of each Political Subdivision with respect to the Permanent Trust Account shall be limited to its respective entitlement to an allocation of the earnings from the Permanent Trust Account in the amounts described in section 5.C. herein.

July 18, 1998 (6:27PM)                    5

An Advisory Board consisting of representatives of the Political Subdivisions shall be created pursuant to the enabling legislation referred to herein for the express purpose of providing advice and consultation to the Comptroller of Public Accounts regarding investments of the Permanent Trust Account.

7. <u>Potential Reduction of Payments</u>. The parties agree that to the extent federal legislation or other similar federal action effective on or before January 1, 2003, lowers the aggregate amounts paid under the Tobacco Settlement, the amounts payable to the Political Subdivisions pursuant to this Agreement shall be reduced in an amount proportionate to the overall reduction of such payments for the time period extending through January 1, 2003.

The parties agree that the Health Care Finance Administration ("HCFA") is not entitled to any of the settlement proceeds received by the State and, pursuant to this Agreement, by the Political Subdivisions paid by the Settling Defendants in the settlement of the Tobacco Litigation. Nevertheless, in the event that any of the settlement funds involved in the Tobacco Settlement are determined to be subject to such reduction, whether by legislation, court order, or other federal action, such reduction shall be proportionate, on a present value basis, at the time of any such reduction, with the State and the Political Subdivisions bearing the reduction in their respective proportionate percentages, which are presently estimated at 86.7% for the State and 13.3% for the Political Subdivisions . In the event that, in any given year, the Political Subdivisions' share of any such reduction exceeds the amount of money to be disbursed to the Political Subdivisions pursuant to this Agreement, money deposited to the credit of the Permanent Trust Account shall be withdrawn from that account in an amount sufficient to cover the shortfall. The State hereby agrees that it will reach no settlement or agreement with HCFA without prior consultation with counsel for the Political Subdivisions.

8.     <u>Withdrawal of Objections to Settlement/Sanctions Motions.</u> On or before the effective date of this Agreement, the Intervenor Applicants agree to file appropriate motions with the Court withdrawing their intervention requests, objections and claims previously filed with the Court in this action. In addition, on or before the effective date of this Agreement, the Attorney General shall withdraw the State's motion for sanctions against the Governor and State Legislators. It is agreed by the parties that this Agreement shall become effective at such time as the Intervenor Applicants' intervention requests, objections and claims, and the State's motion for sanctions are withdrawn and/or dismissed by the Court.

9.     <u>Prohibition of Contingent Fee Payments.</u> The Political Subdivisions warrant and agree that none of the funds distributed to the Political Subdivisions pursuant to this Agreement shall be expended to satisfy contingent fee contracts with attorneys retained in connection with the Tobacco Settlement.

10.     <u>Court Approval</u>. If the Court refuses to approve this Agreement or any material provision hereof and to incorporate its terms in a judgment , or if such approval is modified in any material respect or set aside on appeal, then this Agreement shall be canceled and terminated and it and all orders issued pursuant hereto shall become null and void and of no effect.

11.     <u>Implementing Legislation</u>. The parties to this Agreement agree to utilize good faith efforts to seek to secure the passage of all legislation necessary to implement the terms and conditions

July 18, 1998 (6:27PM)                    6

of this Agreement.

12.   <u>Cooperation</u>. The parties hereto agree to use their best efforts and to cooperate with each other to cause this Agreement to become effective, to obtain all necessary approvals, consents and authorizations, if any and to execute all documents and to take such other action as may be appropriate in connection therewith. All parties hereto agree to support the integrity and enforcement of the terms of this Agreement. Further, all parties hereto agree to use their best efforts to obtain Final Approval of the Tobacco Settlement.

13.   <u>Counterparts</u>. This Agreement may be executed in counterparts.  Facsimile or photocopied signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Agreement on the _18th_ day of July, 1998.

STATE OF TEXAS

By:_____
   Dan Morales, Attorney General

July 18, 1998 (6:27PM)                 7

By: _____
     Rob Junell, Chairman
     House Appropriations Committee

By: _____
     Bill Ratliff, Chairman
     Senate Finance Committee


NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
     Carl Lewis

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
     Robert Ries


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
     J. Greg Hudson

EL PASO and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
     Robert Ries


MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
     J. Greg Hudson

AMICUS COUNTIES

By: _____
     James Allison


HARRIS COUNTY AND HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
     Richard Mithoff

7

By: _____
    Rob Junell, Chairman
    House Appropriations Committee

By: _____
    Bill Ratliff, Chairman
    Senate Finance Committee


NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
    Carl Lewis

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
    Robert Ries


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
    J. Greg Hudson

By: _____
    Steve Bickerstaff

EL PASO and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
    Robert Ries


MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
    J. Greg Hudson

AMICUS COUNTIES

By: _____
    James Allison


HARRIS COUNTY AND HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
    Richard Mithoff


7

By: _____
    Rob Junell, Chairman
    House Appropriations Committee

By: _____
    Bill Ratliff, Chairman
    Senate Finance Committee

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
    Carl Lewis

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
    Robert Ries

TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
    J. Greg Hudson

EL PASO and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
    Robert Ries

MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
    J. Greg Hudson

AMICUS COUNTIES

By: _____
    James Allison

HARRIS COUNTY AND HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
    Richard Mithoff

SUBJECT TO FINAL
ACTION ON JULY 28, 1998

7

By: _____
     Rob Junell, Chairman
     House Appropriations Committee

By: _____
     Bill Ratliff, Chairman
     Senate Finance Committee


NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
     Carl Lewis

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
     Robert Ries


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
     J. Greg Hudson

EL PASO and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
     Robert Ries


MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
     J. Greg Hudson

AMICUS COUNTIES

By: _____
     James Allison


HARRIS COUNTY AND HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
     Richard Mithoff


7

## CLARIFICATION OF
## AGREEMENT REGARDING DISPOSITION OF SETTLEMENT PROCEEDS

To give effect to the intent of the parties to the Agreement in Principle, dated July 14, 1998, and to The Agreement Regarding Disposition of Settlement Proceeds, dated July 18, 1998, entered into by Dan Morales, Attorney General of the State of Texas, Senator Bill Ratliff, Chairman, Senate Finance Committee, Representative Robert Junell, Chairman, House Appropriations Committee, and representatives of certain counties and hospital districts, the parties hereby agree to the following in clarification of the Agreement Regarding Disposition of Settlement Proceeds:

Lump Sum Payments – Resolution of Population or Boundary Disputes.  The parties hereto agree that, in the event that there is a dispute regarding the population or boundaries of a political subdivision that affects the amount of money to be disbursed to a political subdivision in the form of a lump sum payment under Paragraph 5(a) of this Agreement, data certified by the Texas Department of Health will be used to resolve the dispute.

Diversion of certain moneys to the State Treasury.  The parties hereto acknowledge that, in order that sufficient moneys be made available to make the initial lump sum payment to the Political Subdivisions in January 1999, approximately $150 million of settlement proceeds that would otherwise be credited in the General Revenue Fund of the State Treasury will instead be credited to the Lump Sum Trust Account overseen by the Comptroller of Public Accounts.  The parties hereto further acknowledge that, in accordance with the Agreement in Principle entered into by the parties hereto on July 14, 1998, and the Agreement Regarding the Disposition of Settlement Proceeds entered into by the parties hereto on July 18, 1998, approximately $50 million of the MFN payments paid to the State by the Tobacco Companies in January 2002 and approximately $100 million of the MFN payments paid to the State by the Tobacco Companies in January 2003 that would otherwise have been deposited to the credit of the Political Subdivisions' trust accounts will instead be deposited to the credit of the General Revenue Fund of the State Treasury.

STATE OF TEXAS

By: _____
    Dan Morales
    Attorney General of the State of Texas

By: _____
    Bill Ratliff, Chairman
    Senate Finance Committee

By: _____
    Robert Junell, Chairman
    House Appropriations Committee

## CLARIFICATION OF
## AGREEMENT REGARDING DISPOSITION OF SETTLEMENT PROCEEDS

To give effect to the intent of the parties to the Agreement in Principle, dated July 14, 1998, and to The Agreement Regarding Disposition of Settlement Proceeds, dated July 18, 1998, entered into by Dan Morales, Attorney General of the State of Texas, Senator Bill Ratliff, Chairman, Senate Finance Committee, Representative Robert Junell, Chairman, House Appropriations Committee, and representatives of certain counties and hospital districts, the parties hereby agree to the following in clarification of the Agreement Regarding Disposition of Settlement Proceeds:

<u>Lump Sum Payments – Resolution of Population or Boundary Disputes</u>. The parties hereto agree that, in the event that there is a dispute regarding the population or boundaries of a political subdivision that affects the amount of money to be disbursed to a political subdivision in the form of a lump sum payment under Paragraph 5(a) of this Agreement, data certified by the Texas Department of Health will be used to resolve the dispute.

<u>Diversion of certain moneys to the State Treasury</u>. The parties hereto acknowledge that, in order that sufficient moneys be made available to make the initial lump sum payment to the Political Subdivisions in January 1999, approximately $150 million of settlement proceeds that would otherwise be credited in the General Revenue Fund of the State Treasury will instead be credited to the Lump Sum Trust Account overseen by the Comptroller of Public Accounts. The parties hereto further acknowledge that, in accordance with the Agreement in Principle entered into by the parties hereto on July 14, 1998, and the Agreement Regarding the Disposition of Settlement Proceeds entered into by the parties hereto on July 18, 1998, approximately $50 million of the MFN payments paid to the State by the Tobacco Companies in January 2002 and approximately $100 million of the MFN payments paid to the State by the Tobacco Companies in January 2003 that would otherwise have been deposited to the credit of the Political Subdivisions' trust accounts will instead be deposited to the credit of the General Revenue Fund of the State Treasury.

STATE OF TEXAS

By: _____
    Dan Morales
    Attorney General of the State of Texas

By: _____
    Robert Junell, Chairman
    House Appropriations Committee

By: _____
    Bill Ratliff, Chairman
    Senate Finance Committee

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _*Carl Lewis*_ _by: Type Held_
_____w/ permission_
Carl Lewis

By: _____
      Robert Ries

TARRANT COUNTY
HOSPITAL DISTRICT

EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
      J. Greg Hudson

By: _____
      Robert Ries

By: _____
      Steve Bickerstaff

AMICUS COUNTIES

MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
      James Allison

By: _____
      J. Greg Hudson

HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
      Richard Mithoff

Date: _____

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

By: _____
      Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT

By: _____
      J. Greg Hudson

By: _____
      Steve Bickerstaff


MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
      J. Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
      Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
      Robert Ries


EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
      Robert Ries


AMICUS COUNTIES

By: _____
      James Allison


Date: _____7/24/98_____

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT

DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT

By: _____
    Carl Lewis

By: _____
    Robert Ries

TARRANT COUNTY
HOSPITAL DISTRICT

EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT

By: _____
    J. Greg Hudson

By: _____
    Robert Ries

By: _____
    Steve Bickerstaff

AMICUS COUNTIES

MONTGOMERY COUNTY
HOSPITAL DISTRICT

By: _____
    James Allison

By: _____
    J. Greg Hudson

HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT

By: _____
    Richard Mithoff

Date: 7/21/98

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT


By: _____
        Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT


By: _____
        J. Greg Hudson


By: _____
        Steve Bickerstaff


MONTGOMERY COUNTY
HOSPITAL DISTRICT


By: _____
        J. Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT


By: _____
        Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT


By: _____
        Robert Ries


EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT


By: _____
        Robert Ries


AMICUS COUNTIES


By: _____
        James Allison


Date: _____

NUECES COUNTY and NUECES
COUNTY HOSPITAL DISTRICT


By: _____
        Carl Lewis


TARRANT COUNTY
HOSPITAL DISTRICT


By: _____
        J Greg Hudson

By _____
        Steve Bickerstaff


MONTGOMERY COUNTY
HOSPITAL DISTRICT


By _____
        J Greg Hudson


HARRIS COUNTY and HARRIS
COUNTY HOSPITAL DISTRICT


By. _____
        Richard Mithoff


DALLAS COUNTY and DALLAS COUNTY
HOSPITAL DISTRICT


By: _____
        Robert Ries


EL PASO COUNTY and EL PASO COUNTY
HOSPITAL DISTRICT


By: _____
        Robert Ries


AMICUS COUNTIES


By: _____
        James Allison


Date: _____